O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 2:18-cv-08794-KES<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## BACKGROUND

Plaintiff James T. ("Plaintiff") applied for Social Security disability benefits in March 2015, alleging disability commencing December 18, 2014. Administrative Record ("AR") 238-39. On August 11, 2017, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by an attorney, appeared and testified, as did a vocational expert ("VE"). AR 123-

---

[1] Mr. Saul was sworn in as Commissioner of Social Security in June 2019. See https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Accordingly, he is substituted for Ms. Berryhill pursuant to Federal Rule of Civil Procedure 25(d).

57. On December 13, 2017, the ALJ issued an unfavorable decision. AR 23-49. The ALJ found that Plaintiff suffered from medically determinable severe impairments consisting of central sleep apnea; osteoarthritis of the left shoulder; lumbar degenerative disc disease without nerve root compression; depression; and anxiety. AR 28. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with some additional restrictions. AR 37. Of relevance here, the ALJ found that Plaintiff could "sit, stand or walk up to 6 hours in an 8 hour workday." Id.

Based on the RFC analysis and the VE's testimony, the ALJ found that Plaintiff could work as an order filler (Dictionary of Occupational Titles ["DOT"] 922.687-058), packager (DOT 920.587-018), and laundry worker (DOT 361.685-018) (collectively, the "Alternative Jobs"). AR 42. The ALJ concluded that Plaintiff was not disabled. AR 43.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether substantial evidence supports the ALJ's finding that Plaintiff can do the Alternative Jobs. (Dkt. 23, Joint Stipulation ["JS"] at 4.) Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## III.
## DISCUSSION

A. **Summary of Relevant Administrative Proceedings and Rulings.**

The regulation cited by the ALJ defines medium work as follows: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R.

§ 404.1567(c). Light work, in turn, is defined as work with lower frequent lifting requirements that "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b).

The Social Security Administration ("SSA") has promulgated a Social Security Ruling ("SSR") that better quantifies the walking and standing requirements for medium and light work. 20 C.F.R. § 402.35(b) (defining SSA's authority to publish SSRs). SSRs do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

The SSA has determined that, like light work, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds," because "frequent" means "occurring from one-third to two-thirds of the time." SSR 83-10, 1983 SSR LEXIS 30, 1983 WL 31251, at *6 (Jan. 1, 1983). The Ninth Circuit has relied on SSR 83-10 in determining the sitting, walking, and standing requirements of sedentary and light work, both of which are subsumed by the medium work limitations, and the latter of which includes the same standing and walking requirements. See Aukland v. Massanari, 257 F.3d 1033, 1035-36 (9th Cir. 2001) ("Social Security Ruling 83-10 defines 'occasionally' as 'occurring very little up to one-third of the time.' '[P]eriods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.' Id. . . . Pursuant to these rulings and regulations, it is true that 'to be physically able to work the full range of sedentary jobs, the worker must be able to sit through most or all of an eight hour day.'"); Macri v. Chater, 93 F.3d 540, 546 (9th Cir. 1996) ("However, there is no logical nexus between the

completion of an electronics course and an ability to perform light work, which includes lifting up to 20 pounds, frequently lifting up to 10 pounds, and 'standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.' Social Security Ruling 83-10; see also 20 C.F.R. § 404.1567(b).").

At the hearing, the ALJ asked the VE to assume a hypothetical worker "who has the capacity to do medium work" with some additional limitations. AR 153. The hypothetical question posed to the VE did not specify any limitations on lifting, walking, or standing other than referencing "medium" work. Id. The VE answered this hypothetical question by identifying the three Alternative Jobs, all classified as medium work by the DOT.[2] AR 154. Plaintiff's counsel did not ask the VE any questions. AR 155. The ALJ relied on the VE's testimony to find that Plaintiff could do the three Alternative Jobs. AR 42.

B. **Analysis of Claimed Error.**

Plaintiff contends that by referencing medium work (rather than an express limitation to sitting, standing, or walking for up to 6 hours in an 8 hour workday), the ALJ posed to the VE an incomplete hypothetical that did not include all of the limitations in the RFC. (JS at 5-6.) As a result, the VE's answer was not substantial evidence on which the ALJ could rely. (Id.)

SSR 83-10 was published in 1983. Since that time, ALJs and VEs with experience conducting social security disability benefits hearings have understood medium work as requiring the ability to stand or walk for up to 6 hours. There is no reason to think that the ALJ and VE in this case lacked that understanding. Thus, the ALJ's reference to medium work supplied a 6-hour limitation on walking and standing, and the ALJ did not pose an incomplete hypothetical to the VE.

---

[2] The DOT's definitions of light and medium work track the definitions in 20 C.F.R. § 404.1567(b) and (c), although worded slightly differently (e.g., "exerting force" rather than "lifting"). DOT Appendix C.

Plaintiff also argues that SSR 83-10 is not entitled to deference because it is inconsistent with 20 C.F.R. § 404.1567(c) and does not implicate the Commissioner's expertise. (JS at 12-13.) Plaintiff fails to identify (let alone explain) the alleged inconsistency, and interpreting definitions within the regulations falls within the Commissioner's expertise. Furthermore, as noted above, the Ninth Circuit has endorsed relying on SSR 83-10 in determining the standing and walking requirements of different exertional categories of work. See Aukland, 257 F.3d at 1035-36; Macri, 93 F.3d at 546.

## IV.
## CONCLUSION

Because Plaintiff has not demonstrated legal error, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

DATED: July 10, 2019

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge